OPINION
{¶ 1} Plaintiff-appellant, Mary Jo Conrad, commenced an action in the Franklin County Court of Common Pleas alleging that defendant-appellee, Sears, Roebuck and Company ("Sears"), was liable for damages to injuries to her as a business invitee at the Hilliard-Rome Road store where appellant tripped and fell over a small box which was negligently placed in the aisle by Sears.
 {¶ 2} Sears answered, alleging as pertinent herein, that appellant's damages and injuries were caused in full or in part by her own negligence, which negligence was greater than the negligence, if any, of Sears.
 {¶ 3} Subsequently, Sears moved for summary judgment on the basis that appellant's injuries were caused by an open and obvious condition on Sears' premises and that there was no genuine issue as to any material fact as demonstrated by the attached affidavit of Shannon Maxwell and the deposition of appellant.
 {¶ 4} Appellant submitted an affidavit in opposition to Sears' motion for summary judgment alleging that there are genuine issues of material fact as to whether the box that appellant fell over was open and obvious. Appellant attached in support of her memorandum contra her affidavit, an affidavit of appellant's expert, Gerald Burko, photographs, and the customer accident report.
 {¶ 5} The trial court granted summary judgment to Sears and entered final judgment thereon.
 {¶ 6} Appellant appeals, asserting the following assignment of error:
The trial court committed error in granting summary judgment and holding that the displayer box that plaintiff fell over was open and obvious and that the attendant circumstances did not bar the application of the open and obvious rule.
 {¶ 7} In reviewing a trial court's decision to grant summary judgment, a court of appeals reviews the matter de novo. Summary judgment is appropriate when there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, and that conclusion is adverse to the moving party whose entitled to have the evidence construed most strongly in their favor. Horton v. Harwick Chem. Corp. (1995),73 Ohio St.3d 679.
 {¶ 8} Appellant was in appellee's store to purchase merchandise and, thus, was a business invitee to whom Sears owed a duty of reasonable care. After appellant had selected several items, she went to the front of the store to the service desk to pay for those items at the only cash register that was open. After she waited for about four minutes in line behind another customer, she completed her transaction and turned to leave the store at which time she fell over a displayer box causing the injuries for which she brings this action. The wooden displayer box had been placed on the floor near the service counter checkout line. Photographs show it to be clearly discernible, although it was placed on the floor in a position that might present a hazard to an unobservant invitee. There is no issue of fact but that the box was on the floor and that appellant tripped over it, falling and causing her injuries. Appellant denies having seen the box prior to tripping over it and there is no evidence to the contrary.
 {¶ 9} The key issue is whether the box presented an open and obvious hazard which the store could reasonably expect a customer to see and to avoid.
 {¶ 10} Storeowners are not insurers against all accidents and injuries to their business invitees. Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584. Liability for injuries sustained on a storeowners premises will only result when the evidence demonstrates that a storeowner breached a duty of care it owes to its invitees. The duty is one of ordinary care of maintaining the business premises in a reasonably safe condition so that invitees are not unnecessarily and unreasonably exposed to danger. Campbell v. Hughes Provision Co. (1950), 153 Ohio St. 9. Business invitees are under a duty to provide for their own safety, which includes an affirmative duty to look where they are walking. Parsons v.Lawsons Co. (1989), 57 Ohio App.3d 49. In Armstrong v. Best Buy Co.,Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, the Ohio Supreme Court reaffirmed the viability of the "open and obvious" defense to storeowners' liability. This defense provides that a storeowner owes no duty to warn business invitees entering the property of open and obvious dangers on the property. The rationale behind this rule "is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." Id. at ¶ 5.
 {¶ 11} An exception to the open and obvious doctrine applies when there are attendant circumstances surrounding the event that would distract the shopper causing a reduction in the degree of care an ordinary person would exercise at the time. See Cummin v. Image Mart,Inc., Franklin App. No. 03AP-1284, 2004-Ohio-2840. To determine whether there were attendant circumstances which distracted appellant from observing what otherwise was an open and obvious hazard in the form of the displayer box depends on the facts of the particular case; it is necessary that we review those facts in order to determine whether there is a genuine issue of material fact in regard to whether the open and obvious defense should apply in this case.
 {¶ 12} We review the facts of the case from the materials properly submitted in conjunction with the motion for summary judgment in order to determine whether the open and obvious hazard defense is applicable as a matter of law or whether it presents a jury question because of incumbent circumstances which, construed most favorably to appellant, limit its application.
 {¶ 13} In the recent case of Collins v. McDonald's Corp., Cuyahoga App. No. 83282, 2004-Ohio-4074, the Eighth District Court of Appeals reversed a summary judgment in favor of McDonald's when a patron tripped on a hole in the sidewalk of the restaurant's property and fell, sustaining injuries. Summary judgment had been granted by the trial court on the basis that the hole in the sidewalk was open and obvious as a matter of law. On appeal, the court found that whether the hole was an open and obvious danger was an issue of fact which precluded summary judgment under Civ.R. 56(C). The court noted that a patron does not have a duty to constantly look downward in order to avoid any potential dangers that were on or near the ground, citing Texler v. D.O. SummersCleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677. In Collins, the court, after reviewing the attendant circumstances, concluded that Collins never saw the hole in the sidewalk because he was distracted by people in front of him at the time he fell and that the presence of other patrons who were obstructing his view were factors beyond his control that contributed to his fall. The court also pointed out that the burden of proof to establish the open and obvious defense was upon defendant and that, from a poor quality photograph with no verbal description, one could not discern the depth of the hole or its size in relation to the building since only a small section of the parking lot is depicted in the photograph.
 {¶ 14} In this case, we first review the statements of appellant taken from her deposition which was filed with the court. Appellant had driven to the Hilliard-Rome Road Sears Hardware Store in order to shop for a trimmer. She had been at the store several times previously and was somewhat familiar with the store. A store employee had brought the trimmer up to the register and appellant also carried a little bag of items to the only register which was open, which was the customer service register. She paid for her purchases, picked up the items and turned around. The next thing she knew, she was on the floor. She fell over a little box that was to her right that had a sign on the top and a wire basket where the store ads were held in the basket. She did not have a shopping cart and had not passed the customer service desk upon entering the store. She testified that there was one person in front of her at the checkout line but had no idea as to long she stood there before she was checked out.
 {¶ 15} On cross-examination, she verified the pictures taken by the store manager, Shannon Maxwell, which showed the box and its probable placement. She did not recall talking to any other customers but may have exchanged some words with the checkout employee but could not recall a conversation. She declined an offer to carry the packages out, as they were not heavy. Immediately upon checking out, she turned to the right and fell. She could not describe anything that would have blocked her view of the displayer, although she said it was so low that she did not believe she would have seen it unless she turned her head straight down. There was no merchandise blocking her view as far as she knew. There was an accident report made at the scene.
 {¶ 16} Shannon Maxwell's affidavit provides pictures of the customer service desk/checkout counter where appellant purchased her items. Pictures show the displayer box and metal stand in the location they had been prior to and until the time of appellant's accident. Additionally, Sears had a security surveillance camera located on the customer service counter at the time appellant purchased her items. The surveillance videotape reveals that appellant stood directly beside the displayer and metal stand for over four minutes while she was purchasing her items.
 {¶ 17} Photographs, as verbally described by the Sears customer accident report, shows that the displayer box was rectangular with dimensions of two feet by one foot, six inches in height, and light brown in color. It was located on the floor next to the checkout with a basket and a sign adjacent to it. There was no obstruction and the box was visible, had a person looked.
 {¶ 18} Appellant claims the following attendant circumstances that should prevent the open and obvious hazard doctrine from being a defense as a matter of law. Primarily she claims that the displayer box was difficult to see because of the color of the box and the white-yellow tile floor. She stated she took only one step after leaving the checkout counter and that her view was obscured by the customer standing in front of her previous to her being engaged by Sears' cashier. She claims that these attendant circumstances limited the open and obvious hazard doctrine as applied to her.
 {¶ 19} A review of the photographs shows the box to be clearly discernable and its location was further pinpointed by the stand with the sign that was adjacent on the far side of the box that would alert a customer to the fact that one must move to the side of that area in order to avoid making contact. There was ample space to safely walk out of the store had the customer avoided the box on the floor.
 {¶ 20} Reviewing the video, the photos, and the testimony, it is clear that appellant's view of the box on the floor was not blocked during all of the four minutes that she stood in the aisle. While her view may have been partially blocked by the customer in front of her, it was not blocked after she approached the cashier. The so-called attendant circumstances appellant raises are common circumstances that occur in a store. Often there are other customers blocking or partially blocking the view of someone who follows them. Generally there is conversation with the employee at the checkout counter, but that usual situation does not negate the responsibility of a customer to look before proceeding. This case is distinguishable from the recent Collins case where the opportunity to observe was much more limited and where there was less evidence of the discernability of the hazard.
 {¶ 21} Attendant circumstances are distractions that would reduce the degree of care that an ordinary person would exhibit at the time of the incident. Burstion v. Chong-Hadaway, Inc. (Mar. 2, 2000), Franklin App. No. 99AP-701. Attendant circumstances must "divert the attention of the pedestrian, significantly enhance the danger of the defect and contribute to the fall." In this case, none of the circumstances appellant asserts significantly enhance the danger of the defect. The cashier did not prevent appellant from looking down and seeing the displayer. Sears' employee was merely during her job in performing the transaction with appellant. In fact, the video shows that appellant looked to her left several times during the transaction and could have looked to her right to see the displayer box prior to leaving the counter. While the customer in front of appellant may have obscured her view of the box when he was purchasing his items, nothing obscured her view once he completed his transaction and left the counter.
 {¶ 22} Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and Bryant, J., concur.
McCormac, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.