OPINION
{¶ 1} Plaintiff-appellant, Jennifer A. Schmitt, appeals from the Franklin County Court of Common Pleas grant of summary judgment in favor of defendant-appellee, Duke Realty, LP. Because a jury properly should determine whether the water on which plaintiff slipped was an open and obvious hazard, we reverse.
 {¶ 2} On January 3, 2000, at approximately 8:15 a.m., appellant entered Sterling Commerce Building number two, 4600 Lakehurst Court, Dublin, Ohio, via the south entrance. Appellant's employer, Sterling Commerce, leased space in the building from appellee. As appellant walked down a hallway toward an interior door, she slipped and fell on what the evidence indicates was water that accumulated on the floor from rain tracked in by people entering the building. As a result of the fall, appellant allegedly sustained injuries to her knee and back. Although the rain stopped by the time appellant arrived for work, she observed puddles of water in the parking lot surrounding the south entrance. The evidence regarding the placement of floor mats in the hallway at the time of appellant's fall was conflicting.
 {¶ 3} Appellant filed a complaint against appellee and other defendants on December 28, 2001. The claims against the other defendants ultimately were resolved, leaving appellee as the sole defendant. Appellee filed a motion for summary judgment. By decision and entry dated January 23, 2004, the trial court granted the motion. Appellant appeals, assigning the following errors:
I. THE TRIAL COURT IMPROPERLY GRANTED DEFENDANT-APPELLEE'S MOTION FOR SUMMARY JUDGMENT ALTHOUGH GENUINE ISSUES OF MATERIAL FACT EXIST.
II. THE OPEN AND OBVIOUS DOCTRINE DOES NOT APPLY TO THIS CASE.
 {¶ 4} Because the issues raised in appellant's two assignments of error are interrelated, we will address them together. Essentially, appellant argues that the trial court erred in granting summary judgment for appellee because there are issues of material fact which preclude the application of the open and obvious doctrine.
 {¶ 5} Appellate review of a trial court's grant of summary judgment is de novo. AAAA Enterprises, Inc. v. River PlaceCommunity Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157;Hahn v. Satullo, 156 Ohio App.3d 412, 2004-Ohio-1057, at ¶ 33. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. of Edn. (1997),122 Ohio App.3d 378, 383, citing Dupler v. Mansfield JournalCo., Inc. (1980), 64 Ohio St.2d 116, 119-120, certiorari denied (1981), 452 U.S. 962, 101 S.Ct. 3111.
 {¶ 6} Summary judgment is proper when the movant demonstrates that: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ.R. 56; Stateex rel. Grady v. State Emp. Relations Bd. (1997),78 Ohio St.3d 181, 183.
 {¶ 7} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of duty, the breach of the duty, and injury resulting proximately therefrom." Strotherv. Hutchinson (1981), 67 Ohio St.2d 282, 285. Whether a duty exists in a negligence action is a question of law. Benton v.Cracker Barrel Old Country Store, Inc., Franklin App. No. 02AP-1211, 2003-Ohio-2890, at ¶ 11. "It is axiomatic that, under the common law of premises liability, the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) defines the scope of the legal duty that the responsible party owes the entrant." Shump v. FirstContinental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, 417.
 {¶ 8} Here, the parties do not dispute that appellant, an employee of appellee's tenant, entered the premises as a business invitee under common law. "An owner or occupier of the premises ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers."Klauss v. Glassman, Cuyahoga App. No. 84799, 2005-Ohio-1306, at ¶ 13, citing Paschal v. Rite Aid Pharmacy, Inc. (1985),18 Ohio St.3d 203. However, a landowner is not an insurer of an invitee's safety. Paschal, supra.
 {¶ 9} Although a premises owner has a duty to exercise ordinary care in maintaining the premises, the open and obvious doctrine, when applicable, obviates the duty to warn and acts as a complete bar to any negligence claims. Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 5. The open and obvious doctrine relates to the threshold issue of duty. Id. at ¶ 13. "[A] premises-owner owes no duty to persons entering those premises regarding the dangers that are open and obvious." Id. at ¶ 5, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. "The rationale underlying this doctrine is `that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.'" Armstrong, at ¶ 5, quoting Simmers v. BentleyConstr. Co. (1992), 64 Ohio St.3d 642, 644.
 {¶ 10} A plaintiff does not have to actually observe the dangerous condition for it to be an open and obvious condition under the law. Rather, the determinative issue is whether the condition is observable. Lydic v. Lowe's Companies, Inc.,
Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case." Miller v. Beer Barrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050.
 {¶ 11} Pursuant to the open and obvious doctrine, the premises owner is generally not liable for injuries suffered by an invitee who falls on water tracked into the premises by other invitees, for such invitee is customarily held to anticipate such dangerous condition and to protect herself against it. Lawson v.Columbia Gas of Ohio, Inc. (1984), 20 Ohio App.3d 208, 209. "It is not the duty of persons in control of * * * buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas." S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718,723-724. However, the Supreme Court of Ohio has also cautioned that "[c]ases of this type sometimes involve narrow distinctions and a decision in each case depends largely on the facts of the particular case." Lawson, at 209, quoting Boles v. MontgomeryWard Co. (1950), 153 Ohio St. 381.
 {¶ 12} Initially, the parties dispute whether the status of a hazard as open and obvious is a determination for the court or for the jury. Appellant contends that whether the water on which she slipped is an open and obvious hazard is a matter about which reasonable minds could differ, and thus she asserts a jury should determine the issue. Appellee, by contrast, asserts that, because the open and obvious doctrine eliminates a landowner's duty and determination of duty is a matter of law, the status of a hazard as open and obvious is a matter of law for the court, not a question of fact for the jury.
 {¶ 13} Various appellate districts in the state have reached different conclusions on that issue. See Nageotte v. CafaroCo., 160 Ohio App.3d 702, 2005-Ohio-2098 (concluding the issue is for the court to decide); Dunkle v. Cinemark USA, Inc., Licking App. No. 04 CA 70, 2005-Ohio-3049 (concluding the issue is one of law); Collins v. McDonald's Corp., Cuyahoga App. No. 83282, 2004-Ohio-4074 (concluding the issue is one of fact for the jury); Henry v. Dollar General Store, Greene App. No. 2002-CA-47, 2003-Ohio-206 (concluding the issue is for the jury). Even this court has decided the issue both ways. See Horner v.Jiffy Lube Intl., Inc., Franklin App. No. 01AP-1054, 2002-Ohio-2880 (concluding the issue is one of law for the court); Conrad v. Sears, Roebuck and Co., Franklin App. No. 04AP-479, 2005-Ohio-1626 (examining facts to determine whether attendant circumstances rendered the question one of fact for the jury).
 {¶ 14} The Second District's discussion in Dollar General
is helpful in resolving the conflicting decisions. The court there noted this court's opinion in McKay v. 840 Lounge, Inc.
(Mar. 28, 2000), Franklin App. No. 99AP-873, on which the appellee in Dollar General relied for the proposition that "whether a condition constitutes an open-and-obvious hazard is always a question for the court, rather than a jury, to decide." Id. As Dollar General observed, McKay in fact stated that "the issue of whether a condition is open-and-obvious is not a factual question for the jury to decide" and supported "this broad proposition" with a citation to Anderson v. Ruoff (1995),100 Ohio App.3d 601. Dollar General pointed out that Anderson
"merely held that, under the facts before it, the issue of whether a condition was open-and-obvious was not for the jury to decide, as reasonable minds could reach only one conclusion. TheAnderson court did not suggest that the issue of whether a condition constitutes an open-and-obvious hazard never can present a jury question." (Emphasis sic.) Id.
 {¶ 15} Dollar General also addressed the contention that, because duty is an issue of law for the court, an open and obvious hazard, the existence of which implicates the landowner's duty to the business invitee, likewise must be a question of law for the court. Because the court in Dollar General agreed that "the existence of a duty is a question for the court to decide," it similarly agreed that "whether a business owner owes a duty of care to protect customers against an open and obvious danger is for a court, not a jury, to resolve." Id. at ¶ 10. The court went on to state that "[w]hether a given hazard is open-and-obvious, however, may involve a genuine issue of material fact, which a trier of fact must resolve." Id.
 {¶ 16} Applying its reasoning, the court in Dollar General
determined that reasonable minds could differ about whether the cement block at issue constituted an open-and-obvious danger. "Once it has been determined by a trier of fact that the cement block did or did not constitute an open and obvious danger, then the trial court may resolve the remaining question of law, to wit: whether Dollar General owed Henry a duty to warn her of the cement block or to remove the danger. Only if the record revealed no genuine issue of material fact as to whether the cement block constituted an open and obvious danger would it be appropriate for the trial court to resolve that issue as a matter of law." Id. at ¶ 11.
 {¶ 17} Agreeing with the rationale in Dollar General, we conclude that the issue of whether a hazard is open and obvious may be a question for the jury to resolve before the court determines whether the landowner has a duty to the business invitee. In this case, appellant argues that reasonable minds can differ about whether the water on which she slipped was open and obvious. The record reflects that appellant admitted it rained on the morning of her fall, although the rain stopped prior to appellant's arrival at the premises. Appellant also admitted the parking lot had standing water. Although appellant slipped and fell 15 to 20 steps from the outside door, appellant admitted that the water on which she slipped had been tracked in by others using the same entrance earlier that morning. Construing the evidence most strongly in favor of appellant, we conclude that whether the hazardous condition was open and obvious is a question for the jury to resolve.
 {¶ 18} "Everybody knows that the hallways between the outside doors of such buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and thereby rendered more slippery than they would otherwise be."S.S. Kresge Co., at 723-724. Even so, the mere fact that rain left the parking lot wet cannot make every puddle of water in the building into an open and obvious hazard. Had the water in this case been only a few steps inside the door of the building, we would agree with the trial court that the water, as a matter of law, was an open and obvious hazard; reasonable minds could not differ about whether someone entering the building should be charged with the knowledge that the floor might be wet.
 {¶ 19} As the water appears farther from the door, it becomes more difficult to determine that the pedestrian should have observed the water. At some point, it is so far from the door that, as a matter of law, it cannot be deemed open and obvious. Here, with the evidence construed in appellant's favor, the water was 15 to 20 steps inside the door. At that distance from the door, reasonable minds could differ about the open and obvious nature of the water on the floor. Accordingly, summary judgment is not appropriate, and the trial court erred in granting summary judgment to appellee.
 {¶ 20} For the foregoing reasons, we sustain appellant's two assignments of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
Bryant and McCormac, JJ., concur.
Klatt, J., dissents.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), ArticleIV, Ohio Constitution.