OPINION
{¶ 1} Plaintiff-appellant, Gladys Ruz-Zurita ("appellant"), appeals from a decision of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Wu's Dynasty, Inc., Jack Wu, and Super Dynasty Buffet (collectively "appellees"). For the following reasons, we reverse.
 {¶ 2} The facts of this case are simple and virtually undisputed. On February 9, 2004, appellant and her friend, Anthony Heller ("Heller") went to appellees' restaurant to have lunch. Appellant and Heller went up to the buffet, got their food, and sat down at a booth. Appellant then went back to the buffet to retrieve a pair of *Page 2 
chopsticks with which to eat her lunch. As appellant was walking back to the booth, a waitress took her by the elbow and began to escort her, presumably to the location where the waitress thought appellant was sitting. Realizing that the waitress was not leading her in the direction of the booth, appellant pointed to its location and stated to the waitress, "I'm going there. Where are you taking me? I'm there." (Ruz-Zurita depo. at 18, 22.) The waitress did not respond to appellant's questioning due to a lingual disconnect. Appellant noticed Heller waving her over, as it was clear she was not headed back towards the booth. Within moments, appellant, whose focus was on Heller and still being escorted by the waitress, fell down a set of stairs comprised of two steps.
 {¶ 3} As a result of her fall and injuries, appellant filed a personal injury action against appellees, which, in turn, moved for summary judgment. On June 22, 2007, the trial court granted summary judgment in favor of appellees. Upon reviewing photographs of the situs of the accident, which, we note, were taken after appellant's fall and did not depict the area as it existed at that time, the trial court found that the unobstructed steps were an open-and-obvious condition. It further found that appellant failed to introduce evidence demonstrating that the waitress's actions constituted unusual or unexpected attendant circumstances that obviated application of the open-and-obvious doctrine. Appellant filed a timely appeal and asserts the following single assignment of error:
 THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT GLADYS RUZ-ZURITA BY GRANTING DEFENDANTS-APPELLEES WU'S DYNASTY INC., ET AL. MOTION FOR SUMMARY JUDGMENT. *Page 3 
 {¶ 4} An appellate court's review of summary judgment is conducted de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. We apply the same standard as the trial court and conduct an independent review without deference to the trial court's determination.Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107;Brown, at 711. We must affirm the trial court's judgment if any of the grounds the movant raised in the trial court support the judgment.Coventry Twp. v. Ecker(1995), 101 Ohio App.3d 38, 41-42.
 {¶ 5} Summary judgment is appropriate only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. A party seeking summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292.
 {¶ 6} To establish a cause of action for negligence, a plaintiff must show the existence of a duty, breach of that duty, and an injury proximately caused by the breach. Texler v. D.O. Summers Cleaners Shirt Laundry Co., 81 Ohio St.3d 677, 680, 1998-Ohio-602. An owner or occupier of premises owes a business invitee, such as appellant here, a duty of ordinary care in maintaining the premises in a reasonably safe condition so that the invitee is not unnecessarily and unreasonably exposed to *Page 4 
danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. However, the owner or occupier is not an insurer of an invitee's safety and owes no duty to protect an invitee from open-and-obvious dangers on the property. Id. at 203-204, citing Sidle v. Humphrey (1968),13 Ohio St.2d 45, paragraph one of the syllabus. Courts reason that, because of the open-and-obvious nature of the hazard, business owners may reasonably expect their invitees to discover the hazard and take appropriate measures to protect themselves. Simmers v. Bentley Constr.Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42. The open-and-obvious doctrine is determinative of the threshold issue, the landowner's duty.Armstrong v. Best Buy Co., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 13. When applicable, "the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." Id. at ¶ 5.
 {¶ 7} Open-and-obvious hazards are those hazards that are neither hidden nor concealed from view and are discoverable by ordinary inspection. Parsons v. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51. "[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable." Lydic v. Lowe's Cos., Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. Put another way, the crucial inquiry is whether an invitee exercising ordinary care under the circumstances would have seen and been able to guard himself against the condition.Kidder v. Kroger Co., Montgomery App. No. 20405, 2004-Ohio-4261, ¶ 11, citing Youngerman v. Meijer, Inc. (Sept. 20, 1996), Montgomery App. No. 15732. Thus, this court has found no duty in cases where the plaintiff could have seen the condition if he or she had looked even where the plaintiff *Page 5 
did not actually notice the condition before falling. Early v. Damon'sRestaurant, Franklin App. No. 05AP-1342, 2006-Ohio-3311, at ¶ 8.
 {¶ 8} Certain clearly ascertainable hazards or defects may be deemed open and obvious as a matter of law for purposes of granting summary judgment. See Armstrong at ¶ 16. This court has uniformly recognized that the existence and obviousness of an alleged danger requires a review of the underlying facts. Schmitt v. Duke Realty, LP, Franklin App. No. 04AP-251, 2005-Ohio-4245, ¶ 10; Terakedis v. Lin Family Ltd.Partnership, Franklin App. No. 04AP-1172, 2005-Ohio-3985, at ¶ 10. However, unless the record reveals a genuine issue of material fact as to whether the danger was free from obstruction and readily appreciable by an ordinary person, it is appropriate to find that the hazard is open and obvious as a matter of law. Freiburger v. Four Seasons Golf Ctr,L.L.C., Franklin App. No. 06AP-765, 2007-Ohio-2871, at H11.
 {¶ 9} Appellant contends that the trial court erred in granting summary judgment in favor of appellees because genuine issues of material fact remain as to whether the steps were an open-and-obvious hazard. Appellant also argues that the trial court failed to recognize genuine issues of material fact regarding the existence of attendant circumstances, which would render the open-and-obvious doctrine inapplicable. Because we find merit with respect to appellant's latter argument, our review will focus solely on the same.
 {¶ 10} An exception to the open and obvious doctrine applies when there are attendant circumstances surrounding the event that would distract the shopper causing a reduction in the degree of care an ordinary person would exercise at the time. Conrad v. Sears, Roebuck Co., Franklin App. No. 04AP-479, 2005-Ohio-1626, *Page 6 
at H11, citing Cummin v. Image Mart, Inc., Franklin App. No. 03AP-1284, 2004-Ohio-2840. Attendant circumstances must "divert the attention of the pedestrian, significantly enhance the danger of the defect and contribute to the fall." Conrad at ¶ 21. To constitute an exception to the open-and-obvious doctrine, an attendant circumstance must be "so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise."Cummin at ¶ 10. Attendant circumstances do not include the individual's activity at the time of the fall unless the individual's attention was diverted by an unusual circumstance of the property owner's making, and is beyond the control of the injured party. Lang v. Holly Hill Motel,Inc., Jackson App. No. 06CA18, 2007-Ohio-3898, at ¶ 25; Backus v. GiantEagle, Inc. (1996), 115 Ohio App.3d 155, 158.
 {¶ 11} In this case, appellant argues that the attendant circumstances here consist of the following: (1) as she was returning to her booth, the waitress escorted her to the area where the steps were located; (2) given the location of the booth, appellant was not sure where the waitress was taking her, and the "language barrier" added to the situation's confusion; and (3) appellant "believed" the waitress was providing assistance of some sort. (Appellant's brief at 13.) A review of appellant's deposition testimony supports her argument on appeal. During her deposition, appellant testified to the following:
 * * * So after I picked up my food and take it to the booth where I was sitting with Mr. Heller, I just — I just walk from there and to pick up rather than calling anybody because I knew where it was at. So I pick up my chopsticks and I'm walking towards, you know, to my — to the place-
 * * *
 A — to the place. And somehow there is-before you know it, there's this little girl this high probably *Page 7 
in talking I don't know what, Chinese, whatever, and she's holding me from here. And here I'm walking. And I said: Wait a minute, I'm going there. Where are you taking me, you know. And — No, it's there. Before you know it, she's taking me — I guess there was another room and I was in the floor. Like a sack of potatoes I fell down because usually you hold something. I just go like this. Hey, where are you taking me before — and I was in the floor.
 Q. Did you get the impression — do you have any idea why she was taking you the other direction?
 A. I don't know.
 Q. She was not speaking any English?
 A. No. Just-
 Q. Did she seem upset?
 A. No. I think she was trying to help me. I don't know. She just held my elbow and taking me. And here I'm saying — you know, my eyes are not looking there. Hey. And the guy's saying: Where are you going?
 Q. You mean Anthony was over here?
 A. Anthony, I said, you know, and then boom. I'm in the floor. And I was saying to Cy I'm a very vain person. Usually when I fall, you know, you get up and please don't see me, you know, you're embarrassed. I was screaming because the pain was so bad. I never thought in my life that a plain — I mean, just a plain fall it can hurt me so bad. My knees and this arm to this day I'm crippled. Even though I had my — well, never mind.
 * * *
 She was just holding, you know, like saying let's go this way. I guess that's what she was trying to say in her language.
 Q. Was she pointing or anything like that?
 A. Nothing. She is just going (witness making noise) and here I'm going looking to the other side and saying- *Page 8 
 Q. As she was leading you in there then, you said you fell down-just fell down like a sack of potatoes, I think you said?
 A. Yes, yes.
 * * *
 Q. Okay. Do you — were you looking to your left toward Anthony?
 A. Yes. Because I was saying hey to the little girl. I say: I'm there. Where are you taking me? I'm there. And the guy's waving at me.
 Q. All right. So you were — Anthony was waving saying over here?
 A. And this little girl is holding me taking me there.
 Q. So your focus was on Anthony?
 A. Yes. Because-
 Q. But she was taking you to a room that had two steps?
 A. Yes.
 Q. Is that-
 A. I was telling the lady, this little lady, I'm there, I'm there, where are you taking me, you know, in English. And the little —
 Q. So you just — you didn't know that there were two steps?
 A. No. I did not know even that there was another room back there.
(Ruz-Zurita depo. at 18-19, 21-23.)
 {¶ 12} Reviewing the evidence de novo, in a light most favorable to appellant, we find appellant has described a situation where an ordinary person could be *Page 9 
distracted from seeing the stairs. The situation created by the waitress in escorting appellant to the location where the accident occurred, which was further complicated by the apparent language barrier between appellant and the waitress, creates an issue of fact regarding attendant circumstances. As it is possible for reasonable minds to differ as to whether the waitress's actions distracted appellant from paying attention to the stairs, and whether appellant herself did not exercise proper care, this case was not one for summary judgment. Hounshell v.Am. States Ins. Co. (1981), 67 Ohio St.2d 427, 433.
{¶ l3} Accordingly, we sustain appellant's assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this cause to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
 BROWN and TYACK, JJ., concur. *Page 1