

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

AGNES F. VOKOUN

    Plaintiff

    v.

CLEVELAND STATE UNIVERSITY

    Defendant

Case No. 2012-06581-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

FINDINGS OF FACT

{¶1} 1) Plaintiff, Agnes F. Vokoun, filed this action against defendant, Cleveland State University ("CSU"), contending she suffered personal injury as the result of the actions of CSU. Plaintiff asserted that on June 4, 2011, she sustained physical injury by being struck by "the lift gate of the parking facility" at CSU campus.

{¶2} 2) While initially filed under the judicial docket of the Court of Claims, a judge of the court transferred this claim to the Administrative Determination docket since the prayer amount equaled $10,000.00.

{¶3} 3) Plaintiff seeks damages for personal injury sustained by being struck with the gate arm at defendant's parking facility. Plaintiff submitted the filing fee with the complaint.

{¶4} 4) Defendant denied liability in this matter. First, defendant disputes that plaintiff was a business invitee, but was rather a trespasser to whom defendant owed no duty. Defendant's investigation revealed that plaintiff "was not a student,

employee or other affiliate of CSU. See Defendant's Exhibit A." Furthermore, "regardless of the purpose of her trip, at the time of her alleged injury she held the legal status of a trespasser because she was walking in an area where pedestrian traffic was prohibited. . . As a trespasser, the only duty owed Claimant Vokoun by CSU was to refrain from injuring her by willful or wanton conduct." Even if it could be proven that defendant's employee acted wilfully or wantonly, CSU would be immune from liability.

{¶5}    In the alternative, even if the plaintiff is considered a licensee or invitee, the hazard of the mechanical gate was open and obvious with warning signs posted.

{¶6}    Defendant contended that the incident occurred in the following manner:

{¶7}    "On June 4, 2011, a vehicle was entering the East Parking Garage located on CSU's campus. Defendant's Exhibit A. At the time, CSU parking attendant Jayasri Kakarla was on duty. *Id.* See also Statement of Jayasri Kakarla, attached as Defendant's Exhibit C. The parking lot entrance is controlled by a mechanical gate. Defendant's Exhibits A and C. Ms. Kakarla pressed a button to cause the gate to lift and allow the vehicle to enter the garage. *Id.* As the vehicle passed beneath the mechanical gate, Claimant Vokoun and her son, David Vokoun, quickly moved behind the vehicle and into the vehicle entrance lane as the mechanical gate lowered. *Id.* The mechanical gate lowers automatically once a vehicle enters the garage. *Id.* David Vokoun attempted to prevent the gate from lowering, but was not able to do so. *Id.* See also Statement of David Vokoun attached as Defendant's Exhibit D. The arm of the mechanical gate struck Claimant Vokoun on the head, knocking her to the ground. Defendant's Exhibits A, C, and D.

{¶8}    "When struck by the arm of the mechanical gate, Claimant Vokoun was walking in an area where pedestrian travel was prohibited. Defendant's Exhibits A and C. The area was reserved solely for vehicles entering the garage, and was clearly identified as such. Defendant's Exhibits A, B, C, E, and F."

{¶9} Defendant noted the following safety precautions were taken to warn users of the parking garage of the dangers involving the mechanical gate arm:

{¶10} "a warning in bright orange lettering which stated, 'CARS ONLY:  NO BICYCLES MOTORCYCLES OR PEDESTRIANS.'  Defendant's Exhibits A and B, pp. 1-3.  The warning at the other end of the arm stated, 'MOVING ARM CAN CAUSE BODILY HARM OR VEHICLE DAMAGE.'  *Id.*  Finally, in the center of the arm, there was a depiction of a pedestrian being struck by the arm of a mechanical gate with the word 'WARNING' written vertically on both sides of the picture.  Defendant's Exhibit B, pp. 1-3.

{¶11} "There is also a warning sign posted on the base of the mechanical gate. Defendant's Exhibits A, B, pp. 1, 2, and 4, E, and F.  The word 'WARNING' is printed in bold black type with an orange background.  Defendant's Exhibits B, P. 1, and E.  Once again the sign clearly states, 'AUTOMOBILE ONLY:  **NO** PEDESTRIANS * MOTORCYCLES * BICYCLES.'  Defendant's Exhibits B, pp. 1 and 4, E, and F.  This warning sign also depicts a pedestrian being struck by the lowering arm of the gate.  *Id.* This sign further states, 'KEEP AWAY FROM GATE ARM DROP ZONE.  MOVING GATE ARM CAN CAUSE SERIOUS INJURY OR VEHICLE DAMAGE.'  *Id.*"

{¶12} Defendant contended no employee of CSU operated the gate in question in a negligent or intentional manner at the time of the incident.  The gate operates mechanically.  "Once it is raised to allow a vehicle to enter the garage, it automatically lowers after the vehicle has passed."  Defendant acted reasonably toward the plaintiff since it posted signs warning the plaintiff of the dangers of using the vehicle entrance as a means of ingress or egress to the parking facility.  Defendant argues irrespective of plaintiff's status while visiting CSU, that changed to trespasser once "she entered an area where pedestrian travel was clearly prohibited."  As a trespasser, defendant need only refrain from injuring plaintiff by willful and wanton conduct.  Plaintiff has not proven

that any CSU employee acted toward her in a willful and wanton manner with the intent to injure her.  The gate arm operated in a safe manner, and its operation was open and obvious.  Plaintiff failed to present any evidence that the mechanical gate malfunctioned which resulted in plaintiff's injury.

{¶13} 5)      Defendant asserted that plaintiff's injuries were caused by her own negligent actions.  Plaintiff was attempting to depart the garage through the vehicle exit and ignored a variety of warning signs.  Plaintiff assumed the risk by not using the pedestrian points of egress or ingress and due solely to her negligent conduct she was injured.  CSU gate attendant had no control over the mechanical gate arm which closes automatically when a vehicle passes through the gate.

{¶14} 6)      Finally, the plaintiff's claim against Parma Hospital should be dismissed since Parma Hospital is not a state entity.  Only state entities may be sued in the Court of Claims pursuant to R.C. 2743.02(E).

{¶15} 7)      Plaintiff filed two motions for extension of time to file a response to the defendant's investigation report.  Those motions are moot with the filing of the response and will not be addressed further.

{¶16} 8)      Plaintiff filed a response to defendant's investigation report.  Plaintiff asserted that, based upon the superior knowledge of the parking gate operator, the plaintiff should have been warned of the hazards imposed by the gate arm.  Furthermore, due to plaintiff's age and disability, the gate operator should have pushed the gate button to prevent plaintiff's injury.  Plaintiff presented no evidence to dispute defendant's contention that the gate arm automatically lowers after a vehicle passed.

{¶17} 9)      Plaintiff contended that she was a business invitee at the time of the incident.  Accordingly, "[t]he occupier of business premises must not only use care not to injure the visitor by negligent activities, and warn her of latent dangers of which the occupier knows, but they must also inspect the premises to discover possible

dangerous conditions of which they do not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use." Plaintiff asserted that she was on CSU's premise for the purpose of attending a luncheon. Therefore, defendant owed her the duty of reasonable care.

{¶18} 10)    Plaintiff related that due to the negligent actions of the gate keeper plaintiff "suffered a fractured hip, a torn tendon in her left knee, a torn tendon in her left thumb and has incurred and she expects to incur pain and suffering in the future." Plaintiff withdrew any complaint against Parma Hospital acknowledging that this is not the proper forum to pursue such an action.

CONCLUSIONS OF LAW

{¶19} 1)    To recover on a negligence claim, a plaintiff must prove that (1) the defendant owed her a duty, (2) that duty was breached by the defendant, and (3) the breach of the duty proximately caused the plaintiff's injury. *Chambers v. St. Mary's School*, 82 Ohio St. 3d 563, 565, 697 N.E. 2d 198 (1998).

{¶20} 2)    With respect to the duty of a property owner or occupier in a premises liability negligence case such as this one, Ohio adheres to the common law classifications of invitee, licensee, and trespasser. *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St. 3d 312, 315, 1996-Ohio-137. An invitee is one who enters the premises of another by invitation for some purpose that is beneficial to the owner or occupier. *Gladon*, at 315, 1996-Ohio-137. A licensee is one who enters property with the owner or occupier's permission or acquiescence for purposes beneficial to the licensee and not the owner or occupier. *Provencher v. Ohio Dept. of Transp.*, 49 Ohio St. 3d 265, 551 N.E. 2d 1257 (1990). A trespasser is one who enters property without invitation or permission, purely for his or her own purposes or convenience. *McKinney v. Hartz & Restle Realtors, Inc.*, 31 Ohio St. 3d 244, 510 N.E. 2d 386 (1987).

{¶21} 3)     With respect to an invitee, a property owner or occupier owes a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Light v. Ohio Univ.*, 28 Ohio St. 3d 66, 68, 502 N.E. 2d 611 (1986). With respect to a licensee or a trespasser, a property owner or occupier owes no duty except to refrain from willful or wanton misconduct that is likely to injure the licensee or trespasser. *Gladon*, at 317. To constitute willful and wanton misconduct, an act must demonstrate heedless indifference to or disregard for others in circumstances where the probability of harm is great and is known to the actor. *Combs v. Baker*, 12th Dist. No. CA2001-01-020, 2001-Ohio-8650; *Rinehart v. Fed. Natl. Mtge. Assn.*, 91 Ohio App. 3d 222, 229, 632 N.E. 539 (2nd Dist. 1993).

{¶22} 4)     The rights of an invitee are not absolute, but are limited by the scope of the invitation. *Gladon*, at 315. If an invitee goes beyond the area that is reasonably considered to be part of the invitation, the invitee loses invitee status and becomes either a licensee or a trespasser, depending on whether he or she is there with the permission of the owner or occupier of the property. *Gladon*; *Coniff v. Waterland, Inc.*, 118 Ohio App. 3d 647, 651, 693 N.E. 2d 1127 (11th Dist. 1997). The invitation includes the use or parts of the premises as the visitor reasonably believes is held open to her. *Wanko v. Downie Productions, Inc.*, 10th Dist. No. 99AP-1047 (Aug. 22, 2000).

{¶23} 5)     "Although a premises owner has a duty to exercise ordinary care in maintaining the premises, the open and obvious doctrine, when applicable, obviates the duty to warn and acts as a complete bar to any negligence claims. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003 Ohio 2573,788 N.E. 2d 1088 at P5. The open and obvious doctrine relates to the threshold issue of duty and provides that the owner of a premises owes no duty to those people entering the premises regarding dangers that are open and obvious. *Id.* at P5, 13. The rationale behind this doctrine is

that the open and obvious nature of the hazard itself serves as a warning. *Id.* at P5. 'Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves.' *Id.*, quoting *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St. 3d 642, 644, 1992 Ohio 42, 597 N.E. 2d 504. [***7] *Schmitt v. Duke Realty, LP*, 10th Dist. No. 04AP-251, 2005 Ohio 4245, at P8. 'The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of a particular case.' *Miller v. Beer Barrel Saloon* (May 24, 1991), 6th Dist. No. 90-OT-050, 1991 Ohio App. LEXIS 2375 at *7; *Schmitt*, supra." *Kinksey v. Summit County Park*, 9th Dist. No. 22755, 2005-Ohio-6742.

{¶24} 6) The mechanical gate was an open and obvious hazard. "'Open and obvious' dangers are neither hidden, concealed from view, nor nondiscoverable upon ordinary inspection." *Lydic v. Lowe's Companies, Inc.*, 10th Dist. No. 01AP-1432, 2002-Ohio-5001, citing *Parsons v. Lawson Co.*, 57 Ohio App. 3d 50, 566 N.E. 3d 698 (5th Dist. 1989). The determinative issue is whether the condition is observable. Consequently, the dangerous condition at issue does not actually have to be observed by plaintiff in order for it to be an "open and obvious" condition under the law. *Lydic.* Ohio courts have held that no duty exists in cases where plaintiff did not notice the condition until after he or she had fallen, but could have observed the condition if he or she had looked. See *Parson*; *Francill v. The Andersons, Inc.*, 10th Dist. No. 00AP-835 (Feb. 15, 2001).

{¶25} In the case at bar, plaintiff contends due to her age, 76, she may not have been able to read any warning signs and due to her infirmity she was unable to protect herself from the inherit danger of the mechanical gate. However, the facts reveal that plaintiff was closely accompanied by her son, 30 years her junior, and she made no allegations that her son was unable to read the warning signs and appreciate the

danger involved.

**{¶26}** 7)      Here, an ordinary person could have observed the gate, if she had looked.  The gate was certainly observable to the plaintiff and the fact she asserted she did not see the warning signs is of no consequence to this legal analysis.   Plaintiff admitted entering the garage a short time before the incident and therefore had observed the parking gate.  When plaintiff observes a hazard, she cannot thereafter claim that the hazard was unnoticeable before but became unreasonably dangerous when her injuries later occurred.  *See Raflo v. The Losantiville Country Club*, 34 Ohio St. 2d 1, 4, 295 N.E. 2d 202 (1973); *Greenville v. Mapleside Farms, Inc.*, 9th Dist. NO. 03CA0067-M, 2004-Ohio-111.

**{¶27}** 8)      While plaintiff seeks this court to rely on the holding in *Jackson v. Kings Island*, 58 Ohio St. 2d 357, 390 N.E. 2d 810 (1979), that case is distinguishable from the case at bar.  In the *Jackson* case, the Supreme Court determined that the plaintiff, an 87 year old man in poor physical condition and unable to observe the roller coaster in question, was an invitee.  The Supreme Court denied defendant's motion for summary judgment and held the trial court must determine whether there was a duty to warn Jackson.

**{¶28}** In the case at bar, plaintiff's injuries were sustained as the result of an open and obvious hazard and defendant breached no duty with respect to plaintiff.

**{¶29}** 9)      Plaintiff has failed to demonstrate the CSU owed her a duty to warn her of the parking gate.  Accordingly, plaintiff's claim is denied.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

AGNES F. VOKOUN

    Plaintiff

    v.

CLEVELAND STATE UNIVERSITY

    Defendant

Case No. 2012-06581-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

       Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Michael L. Shapero
Sean Burke
Signature Square II, Suite 220
25101 Chagrin Blvd.
Beachwood, Ohio 44122-5619

Sonali B. Wilson, General Counsel
Cleveland State University
2121 Euclid Avenue
Administration Center, Suite 327
Cleveland, Ohio 44115-2214

DRB/laa
filed 7/23/13

sent to S.C. Reporter 1/30/14