ARETZ et al., Appellants,

v.

RUE, Appellee.*

[Cite as *Aretz v. Rue* (1995), 106 Ohio App.3d 605.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940262.

Decided Sept. 29, 1995.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was not allowed in (1996), 75 Ohio St.3d 1411, 661 N.E.2d 759.

*Mark B. Weisser*, for appellants.

*Matthew J. Smith Co., L.P.A.*, and *Matthew J. Smith*, for appellee.

---

MARIANNA BROWN BETTMAN, Judge.

Raising three assignments of error, plaintiffs-appellants Ramon and Patricia Aretz appeal from the trial court's entry of judgment following a jury verdict for defendant-appellee Melanie Rue. Appellants sought damages related to injuries sustained by Ramon Aretz when the automobile driven by appellee struck his van in the rear. Appellee admitted that her negligence resulted in the collision, but denied that her actions were the proximate cause of Ramon Aretz's injuries.

Appellee raised as an affirmative defense the negligence of Ramon Aretz for failing to secure a television set properly inside his van. During the accident, the television set, placed on the rim of a spare tire inside the van, flew forward and struck his elbow, causing his only injury.

Following the presentation of evidence and argument, the jury answered special interrogatories and attributed seventy-five percent contributory negligence to Ramon Aretz. Consequently, the court entered judgment for the appellee. See R.C. 2315.19(C). Appellants timely brought this appeal.

■ In two interrelated assignments of error, appellants contend that the trial court erred in denying their motion for a directed verdict on the appellee's defense of contributory negligence and in instructing the jury on that issue. The jury was instructed to consider whether Ramon Aretz was negligent in failing to properly secure the television set within his van, and if so, whether that negligence was a proximate cause of his injuries. Appellants argue that Ramon Aretz had no legally cognizable duty to anticipate the negligence of the appellee and that the evidence did not support such a charge, given over their objection at trial.

■ Under Ohio law, while it is axiomatic that one must use ordinary care for one's own safety, it is equally axiomatic that ordinary care for one's safety does not require a person to anticipate the negligence of another. Rather, a person has the right to assume that others will act with ordinary care. *Swoboda v. Brown* (1935), 129 Ohio St. 512, 2 O.O. 516, 196 N.E. 274, paragraph eight of the syllabus; *Baker v. Pendergast* (1877), 32 Ohio St. 494, paragraph one of the syllabus.

In this case, Ramon Aretz was the victim of a rear-end collision. Even if we were to assume, for purposes of argument, that he was negligent in the way he secured the television set in his van, he was not legally obligated to anticipate

that he would be the victim of a rear-end collision. The accident was entirely the fault of the appellee. The first and second assignments of error are sustained.

As our resolution of the assignments of error going to the issue of comparative negligence necessitates reversal, we need not rule on appellants' third assignment of error, in which they claim the verdict of the jury was against the manifest weight of the evidence. App.R. 12(A)(1)(c). Therefore, we reverse the judgment entered on the jury's verdict and remand for trial on the issue of damages only. *Mast v. Doctors Hosp. North* (1976), 46 Ohio St.2d 539, 541–542, 75 O.O.2d 556, 557–558, 350 N.E.2d 429, 430 (authorizing a court of appeals in its discretion to order the retrial of only those issues, claims or defenses which resulted in prejudicial error, and to allow issues tried free from error to stand).

*Judgment accordingly.*

GORMAN, P.J., concurs.

SUNDERMANN, J., dissents.

SUNDERMANN, Judge, dissenting.

I respectfully dissent. I would overrule all three assignments of error. The trial court fully considered all the issues raised by the evidence, and after spirited argument by counsel, it committed those issues to the province of the jury.

A trial court does not err by giving a jury an instruction on contributory negligence if the issue "was raised in the pleadings and supported by some evidence." (Emphasis deleted.) *Tyrrell v. Invest. Assoc., Inc.* (1984), 16 Ohio App.3d 47, 50, 16 OBR 50, 53–54, 474 N.E.2d 621, 625. The record in this case indicates that Ramon Aretz placed the television set inside a spare tire within the van, even though he admitted that he could have used plastic wrap, bungee cords or cargo nets to keep the load from shifting or becoming airborne. The court did not err by giving the comparative negligence instruction.

The trial court also properly denied the appellants' motion for a directed verdict on the comparative negligence issue. As there is substantial evidence in the record, particularly adduced in the cross-examination of Ramon Aretz, from which to infer that he failed to secure properly the television set despite his knowledge of other effective means to do so, reasonable minds could come to more than one conclusion on appellee's claim of comparative negligence. Therefore, I would not disturb the court's denial of appellants' motion for a directed verdict. Civ.R. 50(A); *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467; *Ruta v. Breckenridge–Remy Co.* (1982), 69 Ohio St.2d 66, 69, 23 O.O.3d 115, 116–117, 430 N.E.2d 935, 938.

Finally, I would overrule the appellants' third assignment of error challenging the manifest weight of the evidence adduced to support the jury's verdict. In a civil case, a judgment entered on a properly rendered jury verdict will not be reversed as being against the manifest weight of the evidence if it is supported by some competent, credible evidence. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 411, 461 N.E.2d 1273, 1276; *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus. The weight to be given the evidence and the credibility of the witnesses are for the trier of fact to determine. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. The record reveals some competent, credible evidence adduced to support the jury's verdict that Ramon Aretz was contributorily negligent in causing his own injury. I would affirm the entry of judgment by the trial court.