OPINION
{¶ 1} Plaintiffs-appellants, John Terakedis, Jr. and Sharon Terakedis, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee, The Lin Family Limited Partnership. For the following reasons, we affirm that judgment.
 {¶ 2} On the morning of November 27, 2001, Mr. Terakedis went to his optometrist's office located in a building owned by appellee. It had been raining that morning. Terakedis had been to the building many times before this trip and always entered the building through the back door. The back door was accessible from the back parking lot either by walking up a few steps or by walking up a wooden ramp. On this day, Terakedis walked up the wooden ramp without slipping and entered the building through the back door. When he exited the building, however, he slipped and fell as he began to walk down the ramp. Terakedis sustained injuries as a result of the fall.
 {¶ 3} Subsequently, appellants filed this lawsuit against appellee.[1]
Terakedis alleged that the wooden ramp was hazardous because the ramp's slip-resistant strips had been worn to the point of ineffectiveness. Terakedis alleged that appellee knew of the ramp's condition and negligently failed to warn him of that condition. He also claimed that appellee's negligence proximately caused his fall and his injuries. Mrs. Terakedis alleged a loss of consortium claim.
 {¶ 4} Both parties moved for summary judgment. Appellants argued that appellee was liable as a matter of law for failing to maintain the ramp in a reasonably safe condition. Appellee argued that it was entitled to judgment as a matter of law because it owed no duty to Terakedis given the open and obvious nature of the ramp and because Terkedis could not identify what caused him to fall. The trial court granted appellee summary judgment based on Terakedis' inability to identify what caused his fall and the open and obvious nature of the ramp itself.[2]
 {¶ 5} Appellants appeal, assigning the following errors:
FIRST ASSIGNMENT OF ERROR
Misapplying the prohibition of making an inference upon an inference in sustaining Appellee's motion for summary judgment, the trial court erred by failing to consider circumstantial evidence which places at issue the mechanism of Appellant John Terakedis, Jr's, slip on the rain-soaked surface of the inclined wheelchair access ramp to Appellee's commercial property.
SECOND ASSIGNMENT OF ERROR
Ignoring submitted evidence which places at issue whether the worn-away slip-resistant strips on the inclined surface of the wheelchair access ramp was an open and obvious hazard, the trial court erroneously granted Appellee's motion for summary judgment.
 {¶ 6} Appellate review of summary judgment motions is de novo. Heltonv. Scioto Cty. Bd. Of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 7} Because it is determinative of this appeal, we will address appellants' second assignment of error first. Appellants contend that the trial court erred when it concluded that appellee owed no duty to Terakedis because the ramp presented an open and obvious hazard given the weather conditions on the day of the accident.
 {¶ 8} To establish a cause of action for negligence, the plaintiff must show the existence of a duty, a breach of the duty, and an injury proximately caused by the breach. Texler v. D.O. Summers Cleaners ShirtLaundry Co. (1998), 81 Ohio St.3d 677, 680. Appellee does not contest that Terakedis was a business invitee when he slipped and fell on the ramp outside of its building. An owner or occupier of premises owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. Paschal v. Rite Aid Pharmacy, Inc.
(1985), 18 Ohio St.3d 203. However, a business owner is not an insurer of a customer's safety. Id. An owner or occupier of property owes no duty to warn invitees of open and obvious dangers on the property. Sidle v.Humphrey (1968), 13 Ohio St.2d 45, 48. The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning, and that the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves. Simmers v. Bentley Constr.Co. (1992), 64 Ohio St.3d 642, 644; Anderson v. Ruoff (1995),100 Ohio App.3d 601, 604.
 {¶ 9} The open and obvious doctrine is determinative of the threshold issue, the landowner's duty. Armstrong v. Best Buy Co., Inc.,99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 13. If the danger is determined to be open and obvious, the property owner owes no duty to the invitee. Id.; Mustric v. Penn Traffic Corp. (Sept. 7, 2000), Franklin App. No. 00AP-277. Therefore, a plaintiff cannot base a negligence claim on an open and obvious hazard. Armstrong at ¶ 5. Whether appellants can prove the other elements of negligence becomes superfluous. Horner v. JiffyLube Intern., Inc., Franklin App. No. 01AP-1054, 2002-Ohio-2880, at ¶ 17.
 {¶ 10} Open and obvious hazards are those that are neither hidden or concealed from view nor nondiscoverable by ordinary inspection. Parsonsv. Lawson Co. (1989), 57 Ohio App.3d 49, 50-51. "[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law. Rather, the determinative issue is whether the condition is observable."Lydic v. Lowe's Companies, Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10. Although the determination of the existence and obviousness of a danger is a question of law, it requires a review of the facts of the particular case. Horner at ¶ 18, citing Miller v. BeerBarrel Saloon (May 24, 1991), Ottawa App. No. 90-OT-050. Based upon a review of the facts of this case, we conclude that the condition of the ramp was open and obvious.
 {¶ 11} Terakedis arrived at appellee's building around 10:00 in the morning on November 27, 2001. It was a rainy, dreary day. When Terakedis arrived at the building, the ramp was wet from the rain. Terakedis walked up the ramp with no problems and did not slip on the ramp at that time. Terakedis admitted that he had been at appellee's building a number of times and always entered through the back door. He admitted to using the ramp to get to the back door in the past and that there was nothing different about the ramp on this day. By the time he exited the building, the rain had stopped. He was alone that day and did not have anything in his hands when he came out of the building. Terakedis admitted in his deposition that there was nothing between him and the ramp that obscured his view of the ramp.
 {¶ 12} The worn condition of the slip-resistant strips on the ramp was open and obvious. Terakedis admitted that on the day he fell, the condition of the ramp appeared to be the same as its condition during his previous visits to the building. He testified that there was nothing obstructing his view of the ramp when he fell. Viewing the pictures of the ramp, it is clear that the worn condition of the slip-resistant strips was clearly visible to anyone walking on the ramp. See Armstrong,
supra, at ¶ 16 (open and obvious nature of hazard apparent from pictures). Additionally, to the extent appellants emphasize that the ramp was moist from rain, the Supreme Court of Ohio has declined to find property owners liable due to slippery conditions caused by the presence of rain or other natural forms of moisture. Englehardt v. Philips
(1939), 136 Ohio St. 73, 78-79; see, also, Zenisek v. Haycook (Jan. 27, 1994), Marion App. No. 9-93-39 (no liability for property owner when invitee slipped on wet mat in front of property's steps). The natural accumulation of rain is deemed sufficiently apparent and obvious to obviate the property owner's duty to warn the invitee of the potential danger. Lawrence v. Gallipolis Foodland (Dec. 21, 1994), Gallia App. No. 94CA14.
 {¶ 13} Terakedis argues, however, that he did not appreciate the hazardous condition of the ramp. To support his argument, Terakedis relies on this court's opinion in Watters v. Radio Shack Corp. (Jan. 13, 2004), Franklin App. No. 03AP-208 (Memorandum Decision). In Watters, a business invitee slipped and fell on uncured green carpet paste that was left on the floor of a retail store. The trial court ruled that the carpet paste was an open and obvious danger. We reversed, concluding that we could not say as a matter of law that an ordinary shopper would be familiar with uncured carpet paste and recognize and appreciate its attendant risks. Id. at ¶ 17. We reasoned that an ordinary person may not have known that uncured carpet paste was slippery, even though its presence on the floor was open and obvious. Significantly, we did not look to the plaintiff's actual appreciation of the hazard's risk but instead questioned whether an ordinary person would have appreciated the risk. See, also, Sexton v. Wal-Mart Stores, Inc. (Jan. 14, 1999), Scioto App. No. 98CA-2603 (open and obvious danger is one which a reasonable person would appreciate and seek to avoid).
 {¶ 14} Here, Terakedis does not argue that a reasonable person would not have appreciated the risks associated with walking down a wet wooden ramp. He only claims that he failed to appreciate those risks. Moreover, the hazard associated with walking down a wet wooden ramp with obviously worn slip-resistent strips is within the common experience of an ordinary person. See Baldauf v. Kent State University (1988), 49 Ohio App.3d 46,49 (noting courts refrain from imposing liability for commonly encountered defects). Accordingly, the case at bar is distinguishable from Watters.
 {¶ 15} The wooden ramp on which Terakedis slipped was an open and obvious hazard. Accordingly, appellee owed no duty to protect Terakedis from this open and obvious hazard. Lacking a duty, appellee cannot be liable to appellants in negligence. Armstrong. The trial court did not err by granting summary judgment in favor of appellee, and appellants' second assignment of error is overruled. Our disposition of that assignment of error renders appellants' first assignment of error moot and is accordingly overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and French, J., concur.
[1] Two other parties were also named as defendants in this action but were later dismissed by appellants.
[2] Although not addressed by the trial court or either party, we note that Mrs. Terakedis' loss of consortium claim was a derivative claim dependent upon the existence of a primary claim. Miller v. Xenia (Mar. 22, 2002), Greene App. No. 2001-CA-82; Messmore v. Monarch Mach. ToolCo. (1983), 11 Ohio App.3d 67, 68-69. Because her husband's primary, negligence claim failed, her derivative loss of consortium claim would also fail, as a matter of law.