OPINION
{¶ 1} Plaintiff-appellant Beverly J. Smith appeals the Mahoning County Common Pleas Court's grant of summary judgment for defendant-appellee Denise Gracon. The issue in this appeal is whether a broom lying on a cement driveway that Smith did not see constitutes an open and obvious danger that negates the duty Gracon owed to Smith. For the reasons stated below, the judgment of the trial court is affirmed.
 JOINT STATEMENT OF FACTS AND CASE {¶ 2} On September 12, 2002, Smith was babysitting her grandson at the home of her daughter, Gracon, in Lyndhurst, Ohio. Between approximately 5:00 p.m. and 6:00 p.m. Smith and her grandson were blowing bubbles near the cement driveway of Gracon's home. While doing this, Smith stepped backwards and tripped over a broom lying in the driveway. This caused her to fall and injure her wrist.
 {¶ 3} Due to the injury, on September 10, 2004, Smith filed a negligence cause of action against Gracon and Gracon's insurance carrier, Allstate Insurance. Smith's deposition was taken on March 14, 2005.[1] Gracon then filed a motion for summary judgment. Gracon argued that the broom was an open and obvious danger and, as such, she had no duty to warn Smith of it. Attached to the motion for summary judgment are excerpts from Smith's deposition, which Gracon claims supports her argument. In response, Smith filed a motion in opposition to Gracon's motion for summary judgment. Smith argued that there existed a genuine issue of material fact as to whether or not the broom was an open and obvious danger. Thus, she contended that summary judgment would not be appropriate. Attached to this motion are excerpts from Smith's deposition which she claims supports her argument.
 {¶ 4} On June 23, 2005, the trial court granted Gracon's motion for summary judgment. It held that there did not exist a genuine issue of material fact. 06/23/05 J.E. Smith timely appeals from that decision raising one assignment of error.
 ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT ERRED IN GRANTING APPELLEE SUMARY [SIC] JUGEMENT [SIC] IN THAT THERE EXISTED A GENUINE ISSUE OF MATERIAL FACT AS TO WHETHER THE DANGER WAS OPEN AND OBVIOUS."
 {¶ 6} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Bonacorsi v. Wheeling Lake Erie Ry. Co., 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made.Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66; Civ.R. 56(C).
 {¶ 7} "[I]n order to establish actionable negligence, one seeking recovery must show the existence of a duty, the breach of the duty, and injury resulting proximately therefrom." Strotherv. Hutchinson (1981), 67 Ohio St.2d 282, 285. Whether a duty exists in a negligence action is a question of law. Benton v.Cracker Barrel Old Country Store, Inc., 10th Dist. No. 02AP-1211, 2003-Ohio-2890, ¶ 11. "It is axiomatic that, under the common law of premises liability, the status of the person who enters upon the land of another (i.e., trespasser, licensee, or invitee) defines the scope of the legal duty that the responsible party owes the entrant." Shump v. First Continental-RobinwoodAssoc., 71 Ohio St.3d 414, 417, 1994-Ohio-427.
 {¶ 8} In the situation presented, Smith falls within the definition of an invitee. "Invitees are persons who rightfully come upon the premises of another by invitation, express or implied, for some purpose which is beneficial to the owner."Gladon v. Greater Cleveland Regional Transit Auth.,75 Ohio St.3d 312, 315, 1996-Ohio-137.
 {¶ 9} As such, Gracon, premise owner, had a duty to exercise ordinary care in maintaining her premises in a reasonably safe condition in order to insure that Smith, the invitee, was not unnecessarily and unreasonably exposed to danger. Paschal v.Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203; Light v.Ohio Univ. (1986), 28 Ohio St.3d 66, 68. While Gracon had a duty to warn Smith of latent or hidden dangers, Gracon had no duty to warn Smith of open or obvious dangers. Armstrong v. Best BuyCo., Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5, citing Sidlev. Humphrey (1968), 13 Ohio St.2d 45; Jackson v. Kings Island
(1979), 58 Ohio St.2d 357, 359.
 {¶ 10} The doctrine negating a duty on a premise owner from warning an invitee of an open and obvious danger is known as the open and obvious doctrine. The rationale underlying this doctrine is "that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves."Armstrong, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5, citingSimmers v. Bentley Constr. Co., 64 Ohio St.3d 642, 644, 1992-Ohio-42.
 {¶ 11} Smith contends that Gracon had a duty to warn her about the broom she tripped over and since Gracon did not warn her, Gracon breached the duty. Thus, in actuality, Smith is contending that the broom was a latent or concealed hazard. Alternatively, Smith argues that even if the broom was open and obvious, babysitting constituted an attendant circumstance which negated the open and obvious doctrine.
 {¶ 12} First, it must be noted that homeowners insurance is not a guarantee for payment when any injury occurs on the premises. Rather, in order to qualify for payment, the injury must result from the negligence of the homeowner, i.e. that the homeowner did not exercise ordinary care in maintaining their premise in a reasonably safe condition as to not unnecessarily or unreasonably expose the invitee to danger and/or did not warn the invitee of latent or concealed defects.
 {¶ 13} Placement of a broom on a cement driveway does not constitute failing to maintain a home in a reasonably safe condition. There is an expectation that for things like a broom being in a driveway, that the invitee has some responsibility for their own safety.
 {¶ 14} Yet, even if a broom being placed on a cement drive could constitute failing to maintain a premise in a reasonably safe condition, the broom is an open and obvious danger that Smith had a duty to protect herself from. During Smith's deposition, she stated that the broom was lying in the driveway. While she did not describe the broom, she did state that if the broom would have been lying in that place all day she would have seen it. (Smith Depo. 12). This shows that the broom was visible lying on the cement, i.e. open and obvious. Or in other words, the coloring of the broom did not cause it to blend into the cement and be hidden from her view. All that is required is that the broom was observable. Terakedis v. Lin Family Ltd.Partnership, 10th Dist. No. 04AP-1172, 2005-Ohio-3985, ¶ 10. Despite Smith's insinuation to the contrary, she did not actually have to see the broom before she tripped over it for it to be considered an open and obvious condition. Id.
 {¶ 15} Consequently, the broom was so obvious that Gracon did not have a duty to warn Smith of it. See Armstrong,99 Ohio St.3d 70, 2003-Ohio-2573, ¶ 13 (stating "[r]ather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff."). Thus, the broom would constitute an open and obvious danger. Accordingly, Smith was responsible for her own safety from any injury the broom could cause.
 {¶ 16} Furthermore, despite Smith's insistence, babysitting does not constitute an attendant circumstance that negates the open and obvious doctrine. An attendant circumstance by definition is a circumstance that distracts an invitee and reduces the degree of care an ordinary person would exercise at the time. See Cummin v. Image Mart, Inc., 10th Dist. No. 03AP-1284, 2004-Ohio-2840. Attendant circumstances may include the condition of the sidewalk as a whole, the volume of pedestrian traffic, the visibility of the defect, and whether the accident site was such that one's attention could easily be diverted. Hughes v. Kozak (Feb. 22, 1996), 8th Dist. No. 69007. See, also, Hudak v. 510 Gypsy Lane, Inc. (Mar. 26, 1999), 11th Dist. No. 98-T-0129 (stating in dictum that "[e]xamples of possible attendant circumstances include heavy vehicular or pedestrian traffic in the vicinity of the sidewalk, poor lighting that causes shadows to be cast over the sidewalk, or a foreign article or substance on the sidewalk.") The attendant circumstances must be such that a reasonable trier of fact could find that the defect was substantial and unreasonably dangerous in order to prevent summary judgment for the defendants.Shainker v. City of Cleveland (Mar. 2, 1989), 8th Dist. No. 55083.
 {¶ 17} As is shown by the above definition and examples, attendant circumstances are usually applicable in cases involving potholes, lighting on sidewalks and crosswalks, and often involve vehicular traffic. However, this is not to say that these are the only types of attendant circumstances that can exist. There may be other situations not involving the examples above which could qualify as attendant circumstances.
 {¶ 18} All the examples listed above are things that would either strongly divert your attention away from where you were walking or would hinder your attention. For instance, heavy vehicular traffic diverts a person's attention because instead of looking at the road where they are walking, they are making sure they do not get hit by a car. Being hit by a vehicle would be a greater danger than falling in a large pothole. Likewise, heavy pedestrian traffic also diverts the attention because the person is making sure they do not get pushed over and trampled, or push someone else over. Similarly to the above two examples, lack of lighting could dramatically hinder a person's ability to protect themselves against open and obvious dangers in a crosswalk or sidewalk. These examples show that the circumstances must drastically hinder and/or distract one from where they are walking.
 {¶ 19} Applying by analogy those examples to the situation before us, it is clear that given the facts presented, babysitting was not an attendant circumstance. Smith was sitting in the yard blowing bubbles with her grandson around 5:00 p.m. or 6:00 p.m. (Smith Depo. 9). She stood up, took a step backwards, and tripped over a broom lying in the driveway. (Smith Depo. 9). There is no evidence the child was running toward a busy street or that the child had became involved in a dangerous activity that she needed to immediately stop. There is nothing in the record to even remotely insinuate that she needed to be totally consumed with babysitting that she could not turn around and look where she was walking. While it is acknowledged that children do need to be closely watched, this does not negate the duty of a babysitter to be aware of their surroundings. In fact, it could possibly be concluded that when watching a child, the babysitter should even be more aware of their surroundings due to all the possible dangers a child could discover. Thus, this assignment of error lacks merit.
 {¶ 20} For the foregoing reasons, the judgment of the trial court is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.
[1] The deposition in its entirety was not filed with the trial court. Thus, only excerpts attached to the motion for summary judgment and motion in opposition to summary judgment are available for this court to review.