OPINION
{¶ 1} Plaintiff-appellant, Florence G. Cabakoff, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motion of defendants-appellees, Turning Heads Hair Designs, Inc. and Turning Heads Salon Day Spa (collectively, "Turning Heads"). Plaintiff assigns a single error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANTS-APPELLEES, TURNING HEADS HAIR DESIGNS, INC. AND *Page 2 
TURNING HEADS SALON DAY SPA'S, MOTION FOR SUMMARY JUDGMENT FILED JANUARY 9, 2008 IN ITS DECISION AND ENTRY RENDERED JULY 2, 2008.
Because the trial court erred in concluding the evidence presents no genuine issue of material fact, we reverse.
 {¶ 2} According to the evidence plaintiff presented, plaintiff was injured on March 31, 2006 at Turning Heads salon when, after having her hair styled, she tripped over power cords as she attempted to get up from the styling chair. Plaintiff filed suit against Turning Heads on May 24, 2007, and Turning Heads ultimately responded with a motion for summary judgment. Following plaintiff's memorandum in opposition to the motion, the trial court granted summary judgment to Turning Heads. The court concluded the power cords on which plaintiff tripped were open and obvious, negating any duty Turning Heads may have had related to the cords. Plaintiff's single assignment of error contends the evidence sets forth genuine issues of fact regarding the open and obvious nature of the cords that make summary judgment improper.
 {¶ 3} An appellate court's review of summary judgment is conducted de novo. Koos v. Cent. Ohio Cellular, Inc. (1994), 94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711. We apply the same standard as the trial court and conduct an independent review without deference to the trial court's determination.Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107,Brown, supra, at 711. We must affirm the trial court's judgment if any of the grounds the movant raised in the trial court support the judgment. Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 41-42. *Page 3 
 {¶ 4} Summary judgment is appropriate only where (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66. A party seeking summary judgment "bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280,292.
 {¶ 5} In order to establish actionable negligence, one seeking recovery must show the existence of a duty, a breach of that duty, and injury resulting proximately from the breach. Strother v.Hutchinson (1981), 67 Ohio St.2d 282, 285. The parties agree plaintiff was a business invitee when she fell in the salon. A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including an obligation to warn its invitees of latent or hidden dangers.Armstrong v. Best Buy Co., 99 Ohio St.3d 79, 2003-Ohio-2573, at ¶ 5, citing Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203. A business owner, however, is not an insurer of a customer's safety.Paschal, supra, at 203.
 {¶ 6} The open and obvious doctrine eliminates a shopkeeper's duty to warn a business invitee of dangers either known to the invitee or so obvious and apparent to the invitee that he or she may reasonably be expected to discover them and protect against them. Simmons v. Am.Pacific Ent, LLC, 164 Ohio App.3d 763, 2005-Ohio-6957, at ¶ 21, citingSidle v. Humphrey (1968), 13 Ohio St.2d 45. The doctrine's rationale is that the *Page 4 
open and obvious nature of the hazard itself serves as a warning, so that business owners reasonably may expect their invitees to discover the hazard and take appropriate measures to protect themselves against it. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644. "[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to be an `open and obvious' condition under the law," as the determinative issue is whether the condition is observable. Lydic v. Lowe's Companies, Inc., Franklin App. No. 01AP-1432, 2002-Ohio-5001, at ¶ 10.
 {¶ 7} The existence and obviousness of an alleged dangerous condition on a business premises requires a review of the underlying facts.Freiburger v. Four Seasons Golf Center, L.L.C., Franklin App. No. 06AP-765, 2007-Ohio-2871, citing Schmitt v. Duke Realty, Franklin App. No. 04AP-251, 2005-Ohio-4245, at ¶ 10; Terakedis v. Lin Family Ltd.Partnership, Franklin App. No. 04AP-1172, 2005-Ohio-3985, at ¶ 10. If the record reveals no genuine issue of material fact as to whether the danger was free from obstruction and readily appreciated by an ordinary person, this court has found it appropriate to decide the hazard is open and obvious as a matter of law. Id.
 {¶ 8} If, however, reasonable minds could differ about whether the danger was free from obstruction and readily appreciated by an ordinary person, we have determined the jury appropriately should resolve the factual issue before the court determines whether the landowner has a duty to the business invitee. Id. As a result, our determination of whether the open-and-obvious nature of a hazard is a question of law for the court or a question of fact for the jury will depend largely on the facts of each particular case. Id., citing Boles v. Montgomery Ward Co. (1950), 153 Ohio St. 381, 384. Because plaintiff's sole assignment of error challenges the trial court's determination *Page 5 
that the power cords, on which plaintiff contends she tripped, presented an open and obvious hazard, we examine the underlying facts.
 {¶ 9} At the time of the incident at issue, plaintiff, then in at least her late 80's, was a weekly customer of Turning Heads, where her hair stylist was Emily Looney. Looney kept her curling iron and blow dryer in a cubbyhole on the right side of her work station, but the non-retractable power cords stretched out across the floor while Looney worked. Looney testified that even after placing the curling iron and blow dryer away, "slack" always remained on the floor. (Looney Depo., 20.) One of the salon's co-owners, Cindy Smith, estimated the cords were six feet long.
 {¶ 10} On March 31, 2006, Looney worked on plaintiff's hair, keeping the chair facing her work station. Although the chair could be rotated so that the power cords would be behind the customer when the customer exited the chair, Looney instead turned the chair to allow plaintiff to use the counter to assist in raising herself out of the chair. Plaintiff asserts that, when she attempted to get out of the chair, she caught her foot in the power cords hanging to the right side of the chair. Looney and Smith, by contrast, each testified she did not see anything at plaintiff's feet after plaintiff fell. For purposes of summary judgment, we, as did the trial court, accept as fact that plaintiff fell because of the power cords.
 {¶ 11} In response, Turning Heads notes plaintiff's admission that, while she still was sitting in Looney's styling chair, she saw the power cords at the right side of the work station as they hung down to the floor. With that admission, Turning Heads contends the trial court properly concluded the cords were open and obvious. Contrary to Turning Heads' contention, plaintiff's knowledge that the cords reached the floor does not mean *Page 6 
she should or could have seen the cords extending out to the side of the chair. See Bagley v. J.C. Penney Corp., Inc., No. 2:05-CV-76,2006 WL 2130452 (W.D.Mich. Sept. 13, 2006) (denying defendant's summary judgment motion even though the plaintiff saw a power cord hanging to her right at her hair stylist's station, as the plaintiff tripped on a cord hidden underneath the chair).
 {¶ 12} Nothing in the record sheds any light on whether the power cords on the floor were open and obvious. No one testified whether the power cords, visible as they hung against the wall, were visible on the floor, where they were located in relation to Looney's styling chair, or how far they extended out onto the floor from the base of the chair. Turning Heads' testimony that the cords were six feet long and plugged in on the right side of Looney's work station does not assist in determining the location of the cords on the floor when and where plaintiff fell. As a result, we are unable to determine from the facts in the record whether the power cords were free from obstruction so that an ordinary person readily could appreciate them.
 {¶ 13} Moreover, Looney's actions in turning the chair and assisting plaintiff in getting up out of the chair potentially alter application of the "obviously hazardous" element of the open-and-obvious danger. SeeFreiburger, supra. While we do not suggest Looney was negligent in aiding plaintiff, Looney's actions nonetheless may have caused plaintiff to rely on the assurance inherent in Looney's assistance and may have diminished plaintiff's appreciation of the cords visible to her right against the wall. Id. The task of determining whether Looney impacted plaintiff's ability to appreciate the danger she encountered rests with the trier of fact. Because it does, and recognizing the lack of evidence regarding the cords on the floor, we sustain plaintiff's sole assignment of error. *Page 7 
 {¶ 14} Having sustained plaintiff's single assignment of error, we reverse the judgment of the Franklin County Court of Common Pleas and remand for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BROWN, J., concurs.
SADLER, J., concurring separately.