[Cite as *Kobasko v. Jo's Dairy Dream, L.L.C.*, 2015-Ohio-496.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DAVID KOBASKO, ET AL., | ) | |
| | ) | |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | CASE NO. 13 BE 35 |
| VS. | ) | |
| | ) | OPINION |
| JO'S DAIRY DREAM, LLC, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from Court of Common Pleas of Belmont County, Ohio Case No. 12CV321

JUDGMENT: Reversed and Remanded

APPEARANCES:
For Plaintiffs-Appellants

Attorney Sanford A. Meizlish
250 E. Broad St., 10th Floor
Columbus, Ohio 43215

For Defendant-Appellee

Attorney Mark A. Kepple
1219 Chapline St.
Wheeling, WV 26003

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: January 26, 2015

DONOFRIO, J.

{¶1} Plaintiffs-appellants, David and Traci Kobasko, appeal from a Belmont County Common Pleas Court judgment granting summary judgment to defendant-appellee, Jo's Dairy Dream, LLC, on appellants' negligence claim.

{¶2} On July 19, 2010, David Kobasko was working for United Dairy making deliveries. At approximately 4:00 a.m., Kobasko was delivering ice cream mix to Jo's Dairy Dream ("Jo's" or "appellee") in St. Clairsville. Kobasko was filling in for another delivery driver that day. He had never been to Jo's before. Kobasko had the keys to Jo's and was to bring five cases of ice cream mix inside. This required him to use a dolly to transport the ice cream mix. Kobasko unlocked the door and proceeded to walk into Jo's backwards so that he could pull his dolly up the steps and through the door. It was dark at that time. Jo's was dimly lit inside with a nightlight and the light from a Pepsi cooler.

{¶3} As Kobasko backed into Jo's and pulled his dolly through the door, he fell down a flight of stairs directly behind him. He was injured as a result of the fall.

{¶4} Appellants filed a negligence complaint against appellee alleging appellee failed to maintain its premises in a reasonably safe condition. Appellee filed a motion for summary judgment asserting the stairway and the darkness were open and obvious conditions and, therefore, it had no duty to warn Kobasko of any dangers. Appellants filed a response in opposition arguing that the open and obvious defense raised several questions of fact that precluded summary judgment. They claimed the obviousness of the unguarded and inadequately illuminated stairway and its proximity to the entrance were factual issues for a jury.

{¶5} The trial court granted appellee's summary judgment motion. After setting out the undisputed facts, the court made the following findings. Kobasko was appellee's business invitee. Darkness is not a concealed defect. It was open and obvious that someone could not see and trip over or down anything. The darkness was easily resolvable, and therefore, the stairs were easily discoverable and avoidable. Appellee did not present any hidden hazard. Appellee had no duty to warn Kobasko of obvious darkness and to explain to him the risks of walking into an

unknown location in total darkness. The fact that the lights were not on and they could have been on does not mean appellee maintained the premises in an unsafe condition. Therefore, the court found no genuine issue of material fact and awarded summary judgment in appellee's favor.

{¶6} Appellants filed a timely notice of appeal on November 5, 2013.

{¶7} Appellants now raise a single assignment of error that states:

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE WHEN THE CASE PRESENTS GENUINE ISSUES OF MATERIAL FACT AND DEFENDANT-APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.

{¶8} In reviewing a trial court's decision on a summary judgment motion, appellate courts apply a de novo standard of review. *Cole v. Am. Industries & Resources Corp.*, 128 Ohio App.3d 546, 552, 715 N.E.2d 1179 (7th Dist.1998). Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Flemming*, 68 Ohio St.3d 509, 511, 628 N.E.2d 1377 (1994). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶9} Appellants argue that because Kobasko was appellee's business invitee, appellee owed him a duty to warn of hidden dangers. They contend the open and obvious doctrine raises questions of fact in this case that preclude summary judgment. Appellants point our attention to the obviousness of the risk presented by

an unguarded, unprotected, and inadequately illuminated stairway that is in close proximity to the entryway of the business, which they assert is a factual issue. Appellants further assert that the poor lighting alone could constitute an attendant circumstance that would preclude summary judgment.

{¶10} A negligence claim requires the plaintiff to prove: (1) duty; (2) breach of duty; (3) causation; and (4) damages. *Anderson v. St. Francis-St. George Hosp., Inc.*, 77 Ohio St.3d 82, 84, 671 N.E.2d 225 (1996).

{¶11} In this case, Kobasko was appellee's business invitee. "Business invitees are persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner." *Light v. Ohio University*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). Kobasko was at Jo's for the purpose of delivering ice cream mix that Jo's owner, Nancy Kelich, had ordered. (Kelich Dep. 13). Kelich knew someone from United Dairy was going to deliver her order on the morning in question. (Kelich Dep. 13). Thus, Kobasko was on Jo's premises by Kelich's implied invitation to deliver the ice cream mix Kelich had ordered for the benefit of her business.

{¶12} Generally, a premises owner owes a business invitee a duty to exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition. *Id.*; *Presley v. Norwood,* 36 Ohio St.2d 29, 31, 202 N.E.2d 81 (1973).

{¶13} But a business owner does not owe invitees a duty to warn of dangers that are open and obvious. *Armstrong v. Best Buy Co. Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶5. "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Id.* at the syllabus. That is because the owner may reasonably expect those entering the property to discover the dangers and take appropriate measures to protect themselves. *Simmers v. Bentley Constr. Co.*, 64 Ohio St.2d 642, 644, 597 N.E.2d 504 (1992).

{¶14} The trial court found that the darkness on the night Kobasko fell was open and obvious. It further found the darkness was easily resolvable and, therefore,

the stairs were easily discoverable and avoidable.

{¶15} We are to look objectively at whether a particular danger is open and obvious, without regard to the injured plaintiff. *Hissong v. Miller*, 186 Ohio App.3d 345, 2010-Ohio-961, 927 N.E.2d 1161, ¶10 (2d Dist.). As such, the open-and-obvious test "'properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it.'" *Id.*, quoting *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶13. A plaintiff's failure to look where he is walking is not necessarily dispositive of whether a danger is open and obvious. *Id.* at 12. But if the plaintiff admits that had he looked down he would have noticed the danger, then the danger is open and obvious. *Id.*

{¶16} Whether a particular danger is open and obvious is very fact specific and, therefore, comparing the facts of this case to other cases is of limited value. *Kidder v. Kroger*, 2d Dist. No. 20405, 2004-Ohio-4261, ¶11.

{¶17} The facts in this case are as follows. Kobasko arrived at Jo's at approximately 4:00 a.m. (Kobasko Dep. 34). He had never been inside Jo's before. (Kobasko Dep. 33). The inside of Jo's had minimal lighting. (Kobasko Dep. 35). The ceiling lights were not on. (Kobasko Dep. 35). Kobasko did not turn on any lights when he entered the building. (Kobasko Dep. 39).

{¶18} Kelich knew United Dairy was to make a delivery sometime overnight. (Kelich Dep. 13). Nonetheless, she turned off the ceiling lights when she closed Jo's at 10:00 p.m. (Kelich Dep. 27). Kelich stated that Jo's is "well lit" at night by a nightlight in the hallway and the light from the Pepsi cooler in the kitchen. (Kelich Dep. 25-26). Kelich "believed" the light from the Pepsi cooler in the kitchen would have illuminated the threshold of the entrance door. (Kelich Dep. 26). She estimated that the Pepsi cooler was 10 to 12 feet from the entrance way and stated it contained two light bulbs. (Kelich Dep. 28). Additionally, Kelich admitted that the stove and the convection oven were in front of the cooler and might "block off a little bit" of light. (Kelich Dep. 28-29). But she stated there was also a window above the oven that let

in the light from a pole in the parking lot.  (Kelich Dep. 29).

**{¶19}** Kobasko used his key to enter the door.  (Kobasko Dep. 35).  He had a dolly stocked with five cases of ice cream mix weighing approximately 250 pounds.  (Kobasko Dep. 43, 45).  Kobasko entered the building walking backwards so that he could pull his dolly up the steps leading to the door.   (Kobasko Dep. 36-37).  Once Kobasko entered Jo's, he continued to walk backwards because there was no room to turn the dolly around.  (Kobasko Dep. 37).  As Kobasko pulled his dolly through the threshold of the door, he fell down the basement steps.   (Kobasko Dep. 38).  Kobasko could not recall whether he looked to see what was on the other side of the threshold.  (Kobasko Dep. 39).  But he did state that he looked where he was going and if he had seen the steps, he would not have fallen down them.  (Kobasko Dep. 38).

**{¶20}** According to Kelich, the distance from the threshold of the door to the opening in the floor for the stairway is four to four-and-a-half feet.  (Kelich Dep. 22).  For Kelich, that was about five steps.  (Kelich Dep. 22).

**{¶21}** This case depends on whether a genuine issue of material fact exists as to whether the open stairway in Jo's was an open and obvious danger given the lighting conditions.  Where reasonable minds can differ with respect to whether a danger is open and obvious, the obviousness of the risk is a factual issue for the jury to determine.  *Klauss v. Glassman*, 8th Dist. No. 84799, 2005-Ohio-1306, ¶18.

**{¶22}** A genuine issue of material fact exists based on the proximity of the open staircase to the entranceway and the lighting conditions at the time of Kobasko's fall.

**{¶23}** Attendant circumstances may exist that distract a person from exercising the degree of care an ordinary person would have exercised to avoid the danger and can create a genuine issue of material fact as to whether a particular hazard is open and obvious.  *Carpenter v. Mt. Vernon Gateway, Ltd.*, 5th Dist. No. 13CA6, 2014-Ohio-465, ¶23, quoting *Aycock v. Sandy Valley Church of God*, 5th Dist. No.2006AP090054, 2008-Ohio-105.  Thus, "the open and obvious rule does not

apply if attendant circumstances prevent the invitee from discovering the otherwise open and obvious danger." *Boston v. A&B Sales, Inc.*, 7th Dist. No. 11 BE 2, 2011-Ohio-6427, ¶29, citing *Zuzan v. Shutrump*, 155 Ohio App.3d 589, 802 N.E.2d 683, 2003-Ohio-7285, ¶15 (7th Dist.). Attendant circumstances are distractions that would come to the attention of a person in the same circumstances and reduce the degree of care an ordinary person would exercise at the time. *Id.*, citing *Godwin v. Erb*, 167 Ohio App.3d 645, 856 N.E.2d 321, 2006-Ohio-3638, ¶36 (5th Dist.).

**{¶24}** Darkness is a warning of danger and may not be disregarded. *Jeswald v. Hutt*, 15 Ohio St. 2d 224, 239 N.E.2d 37 (1968), paragraph three of the syllabus. But this case does not involve total darkness. Instead, it involves either a dimly-lit or a well-lit shop, depending on whose statements are taken as true. Additionally, it involves an open stairway just steps from the threshold of the shop.

**{¶25}** In two similar cases, the courts found genuine issues of fact existed to preclude summary judgment.

**{¶26}** First, in *Hissong*, 186 Ohio App.3d 345, Hissong sustained injuries by falling down a flight of stairs after walking into what she thought was a restroom in a footwear store, following directions from a clerk. She opened the door inward about a foot and a half. As the door opened, she walked in and reached for a light switch and fell down a flight of stairs. The Second Appellate District concluded the danger was not open and obvious:

> Do most people look down before stepping inside a restroom? This question, we think, cannot be answered as a matter of law. On the one hand, one can reasonably think that people should always watch where they step, so one could conclude that by not looking down Hissong failed to exercise ordinary care to protect herself from a visible danger.

> On the other hand, one could also reasonably think that most people, like Hissong, simply do not look down when stepping into a restroom. One could think that a door, particularly one that opens

inward like the door here, hides the danger. See *Allgauer v. Le Bastille, Inc.* (1981), 101 Ill.App.3d 978, 981-982, 57 Ill.Dec. 466, 428 N.E.2d 1146 (a jury could find a concealed danger in "[a] steep staircase without any landing or with one beginning before the end of the edge of the door when it is opened onto the stair" because "the danger was hidden by the door until it was opened and the fact that the stair could be seen for the split second plaintiff was placing her foot on it does not necessarily remove it from the realm of hidden dangers"). We think this question, especially, "invokes the jury's function: to find and apply the dictates of the community conscience in the matter.' " *McNally v. Liebowitz* (1982), 498 Pa. 163, 171, 445 A.2d 716, quoting 2 Harper & James, The Law of Torts (1956) Section 22.10.

Id. at ¶¶34-35.

{¶27} In the second case, a patron of a coffee shop went to use the restroom. He opened a door, believing it to be the restroom. The hallway he was in was lit, but the room he entered from the hallway was not. He walked into the room and fell down a staircase. The patron filed a negligence suit against the coffee shop. The trial court granted summary to the coffee shop, finding that the darkness was an open and obvious danger and, therefore, the coffee shop owed no duty to the patron. Relying on *Hissong*, the Eleventh District reversed finding:

Similarly here, reasonable minds could differ as to whether the dangers in this case were open and obvious. It cannot be concluded that a reasonable person would find the danger of darkness in this case to be open and obvious, especially when the darkness is not revealed until the doorway is opened, and at that point, absent an awkward halt, one foot may already be in the room. Moreover, one could conclude the darkness is not necessarily dangerous, but common or expected because many public establishments do not keep a light on in a restroom at all times, just as one would not find a staircase in an unlit

restroom. That is, a jury may conclude the hazard itself (darkness) may *not* act as a warning in this setting to a reasonable observer, upsetting the rationale of the doctrine.

Further, the unmarked door opened inward, and those invitees unfamiliar with the passage would find themselves instantaneously atop a stairwell. One could similarly conclude that the doorway concealed the stairwell. Even a well-lit passage could lead to injury on stairs that are not noticeable until the door swings open, and as the Second District opined, whether it is reasonable for a person to look down when entering what they might reasonably believe to be a bathroom is a factual question for a jury. *Id.* That is, the hazard (the stairwell) may not have been apparent to a reasonable person in the ordinary course.

In either respect, these are matters for a jury to decide. We cannot conclude that, as a matter of law, the open-and-obvious doctrine precludes recovery with regard to the duty element of appellants' negligence claim.

*Miller v. Wayman*, 11th Dist. No. 2012-G-3057, 2012-Ohio-5598, ¶¶39-41.

**{¶28}** Moreover, this court has found that poor lighting conditions can be an attendant circumstance that prevents an invitee from discovering an otherwise open-and-obvious danger. *Boston*, at ¶48 (poor lighting conditions in a hallway created a genuine issue of material fact as to whether water on the floor was open and obvious); *Smith v. Gracon*, 7th Dist. No. 05 MA 125, 2006-Ohio-886, ¶18 ("lack of lighting could dramatically hinder a person's ability to protect themselves against open and obvious dangers in a crosswalk or sidewalk.").

**{¶29}** The parties both described the lighting in Jo's on the night of Kobasko's fall. The parties agreed that the ceiling lights were not on. (Kobasko Dep. 35; Kelich Dep. 27). Kobasko described Jo's as having "minimal lighting" and agreed there were only "little lights here and there." (Kobasko Dep. 35). Kelich, on the other hand, described Jo's at night as being "well lit" by a nightlight and Pepsi cooler light.

(Kelich Dep. 25-26). Construing the facts in appellants' favor, as we are required to do, leads us to presume the store was only dimly lit.

**{¶30}** The trial court found that the darkness was not a concealed defect and the darkness was open and obvious. However, the trial court failed to take into consideration that this was not a case of total darkness, which would be an open and obvious danger Kobasko. Additionally, this case involved an open staircase just steps inside the doorway, which may or may not have been open and obvious under the circumstances.

**{¶31}** The trial court also found that the darkness was resolvable, presumably because Kobasko could have turned on a light or carried a flashlight as appellee suggested. When asked about this at his deposition, however, Kobasko stated that he was only in the entranceway and had not entered "the meat" of the building. (Kobasko Dep. 39). He stated he was not yet in an area where he could turn the lights on. (Kobasko Dep. 39). Moreover, Kobasko stated that the store was dimly lit with "little lights here and there." (Kobasko Dep. 35). So the shop was not completely dark.

**{¶32}** As appellants argue in their brief, ordinary care for one's own safety does not require a person to anticipate the negligence of another. *Artez v. Rue*, 106 Ohio App.3d 605, 606, 666 N.E.2d 652 (1st Dist.1995). Thus, it is unreasonable to place the burden on Kobasko to look for any dangers (such as an open, unguarded stairway four feet in front of the entrance way) by further illuminating appellee's store when he is on the premises making a delivery for appellee's benefit.

**{¶33}** Additionally, the open stairway down which Kobasko fell was only four feet from the threshold of the entrance door. It is conceivable that an ordinary person, who had never been to Jo's before, who entered the dimly-lit building might fall down an unguarded stairway that was located only four feet in front of the entrance. This is a genuine issue of material fact that should be left for a jury.

**{¶34}** Accordingly, appellants' sole assignment of error has merit.

**{¶35}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded to the trial court for further proceedings.

Vukovich, J., concurs.

DeGenaro, P.J., dissents with dissenting opinion attached.

DeGenaro, J., dissents.

**{¶36}** Because the majority has misapplied the open and obvious doctrine to the facts of this case, I dissent.  The darkness in this case constitutes an open and obvious danger, negating any duty appellees owed to Kobasko, and warranting the trial court granting summary judgment in appellee's favor.

**{¶37}** Given the facts of this case, the darkness was not an attendant circumstance; it was the open and obvious danger which in and of itself served as a warning, thereby negating any duty.  "'Darkness' is always a warning of danger, and for one's own protection it may not be disregarded."  *Jeswald v. Hutt*, 15 Ohio St.2d 224, 239 N.E.2d 37 (1968), paragraph three of the syllabus.  This District has similarly recognized in multiple cases that "[d]arkness itself constitutes a sign of danger, and the person who disregards a dark condition does so at his or her own peril."  *Bionci v. Boardman Local Schools*, 7th Dist. No. 00 CA 6, 00 CA 83, 2001-Ohio-3197, *3; *Nemit v. St. Elizabeth Hosp. Med. Ctr.,* 7th Dist. No. 99–CA–202, 2001-Ohio-3315, *4; *Mowery v. Shoaf,*148 Ohio App.3d 403, 411, 2002-Ohio-3006, 773 N.E.2d 1053, 1059, ¶ 39-41.  In *Mowery*, we held that in a slip and fall situation, darkness defeats the duty element in a negligence claim, and affirmed summary judgment in favor of the property owner.  *Id.,* ¶ 38, ¶ 59-60.

**{¶38}** The trial court correctly concluded that the darkness was an open and obvious danger, negating the duty element of appellants' negligence claim.  Accordingly, the trial court's summary judgment in favor of appellee should be affirmed.